IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARKICE LINCOLN, | |
| Plaintiff, | |
| v. | Civil Action No. 25-517-CFC |
| DELAWARE STATE POLICE, | |
| Defendant. | |

## **MEMORANDUM ORDER**

This case arises out of *pro se* Plaintiff Markice Lincoln's arrest by Delaware State Police officers on December 28, 2022. Lincoln alleges in the Complaint that officers of Defendant Delaware State Police searched, seized, and arrested him in violation of the Fourth Amendment of the U.S. Constitution.[1] D.I. 1-4 at 3–4. Pending before me are Delaware State Police's Motion to Dismiss Plaintiff's Complaint (D.I. 6) and Lincoln's Motion for Extension of Time to Serve (D.I. 18).

---

[1] Lincoln also appears to allege violations of Article I, Section 6 of the Delaware Constitution, but because neither party addresses those allegations in any subsequent filings, and because there is no private right of action under Article I, Section 6 of the Delaware Constitution, *Amoako v. Clayton Police Dep't*, 2024 WL 3596419, at *4 (Del. Super. Ct. July 31, 2024); *see also Schueller v. Cordrey*, 2017 WL 568344, at *1 (Del. Super. Ct. Feb. 13, 2017), I will construe the Complaint as just alleging violations of the Fourth Amendment of the U.S. Constitution under 42 U.S.C. § 1983.

The Delaware State Police has moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). D.I. 6 at 1.

I.

Rule 12(b)(5) permits a defendant to assert by motion the defense of insufficiency of service of process. Lincoln, in response, has moved for an extension of time to perfect service under Rule 4(m). D.I. 18.

Rule 4(c)(1) requires a plaintiff to serve the summons and complaint on the defendant within the time allowed by Rule 4(m). Rule 4(j) provides that a state or state agency may be served by either "delivering a copy of the summons and of the complaint to [the state's] chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law . . . on such a defendant." Delaware law provides that:

> No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General.

10 Del. C. § 3103(c). And Rule 4(m) provides that a plaintiff has ninety days after the complaint is filed to serve the defendant. Failure to do so could result in dismissal. Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for [his]

2

failure," however, "the court must extend the time for service for an appropriate period." *Id.*

Courts consider three factors in determining whether good cause exists: (1) whether the plaintiff reasonably attempted to effect service; (2) whether the defendant is prejudiced by the plaintiff's failure to timely effect service; and (3) whether the plaintiff moved for an extension of time to effect service. *United States v. Nuttall*, 122 F.R.D. 163, 166–67 (D. Del. 1988); *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citing *Nuttall* approvingly).

Lincoln argues that good cause exists, *see* D.I. 18 at 1; D.I. 17 at 4, and I agree. With respect to the first factor, it is undisputed that "Plaintiff served Defendant with a summons and a complaint on January 14, 2025." *See* D.I. 6 at 2; *see also* D.I. 1 at 1 ("The Complaint was served on Defendant on January 14, 2025."); D.I. 1-1 (Deputy Sheriff's sworn statement that he served a copy of the summons and Complaint on Delaware State Police Troop 2). Such service occurred within one month of when Lincoln filed the Complaint. *See* D.I. 1-2 at 2; *see also* D.I. 1 at 1. Although Lincoln has failed thus far to perfect service by serving the Attorney General, State Solicitor, or Chief Deputy Attorney General pursuant to 10 Del. C. § 3103(c), Lincoln's attempt to effect service by serving the

3

named defendant, the Delaware State Police, was reasonable, especially considering that Lincoln is proceeding *pro se*.

With respect to the second factor, "[the] defendant's actual knowledge of the lawsuit . . . is crucial." *Nuttall*, 122 F.R.D. at 167 (citing *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)). "This actual notice precludes any finding of detrimental reliance by, or prejudice to, [the] defendant . . . notwithstanding that service of process did not comport with every detail of Fed. R. Civ. P. 4." *Id.* And as I explained above, it is undisputed that the Delaware State Police has long had actual notice of Lincoln's claims against it.

With respect to the third and final factor, Lincoln should have requested an extension sooner because the Delaware State Police put Lincoln on notice of his failure to perfect service as early as April 29, 2025, in its notice of removal. *See* D.I. 1 at 1 ("Plaintiff failed to comply with 10 Del. C. § 3103(c) . . . ."). Lincoln, however, has since moved for an extension. D.I. 18. Moreover, he is proceeding *pro se* and appears to have experienced repeated delays in obtaining access to filings on the docket. *See, e.g.*, D.I. 3 (Letter to the Court explaining that he received the notice of removal on June 23, 2025, nearly two months after it was filed); D.I. 4 (Notice of return of undeliverable mail sent to Lincoln dated July 3, 2025); D.I. 10 (Letter to the Court stating that the motion to dismiss was "somehow returned so [he] was unaware of [the] motion until [the Court] sent

4

[him] the order to respond by October 14th, 2025"). And failure to timely request an extension "certainly is not by itself fatal" to the existence of good cause. *See Nuttall*, 122 F.R.D. at 167 (citation omitted).

I thus conclude that Lincoln had good cause for not timely perfecting service on the Delaware State Police. Accordingly, I will grant Lincoln's motion for an extension to perfect service and deny without prejudice to renew Delaware State Police's motion to dismiss insofar as it seeks dismissal pursuant to Rule 12(b)(5) for insufficient process.

II.

The Delaware State Police has also moved to dismiss Lincoln's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that it enjoys sovereign immunity and is not a "person" within the meaning of 42 U.S.C. § 1983. *See* D.I. 6 at 1. In response, Lincoln has filed a Motion for Leave to File an Amended Complaint (D.I. 20) and a Motion to Amend the Complaint (D.I. 19) to name individual officers as defendants instead of the Delaware State Police.

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend the complaint] when justice so requires." "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *S. Track & Pump, Inc. v. Terex Corp.*,

5

722 F. Supp. 2d 509, 520 (D. Del. 2010) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).  Absent a showing of undue delay, bad faith or dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendment previously allowed, or futility of the amendment, leave to amend under Rule 15 should generally be permitted.  *Id.* at 520–21 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Delaware State Police argues that "amendment would be futile as the statute of limitations [for Lincoln's claims] expired on December 28, 2024."[2] D.I. 21 at 5.  I agree that the statute of limitations has expired because Lincoln alleges that the unlawful arrest occurred in December 2022 and the statute of limitations for Lincoln's claims is two years.  *See* D.I. 1-4 at 2–3; *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009) ("[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises."); 10 Del. C. § 8119 ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained . . . .").

---

[2] The Delaware State Police makes another futility argument that I need not address here. *See* D.I. 21 at 5.

The analysis, however, does not end there. Rule 15(c) permits amendments, including amendments that change the defendant, to relate back to the date the original complaint was filed if certain conditions are met. To determine whether amendment is futile, then, I must first determine whether Lincoln's proposed amendment relates back under Rule 15(c)(1)(C). Rule 15(c)(1)(C), in turn, relies on Rule 4(m), and the Third Circuit has held that "Rule 15(c)(1)(C)'s reference to 'the period provided by Rule 4(m)' is not limited to just the default 90 days since Rule 4(m) also encompasses the mandatory good cause extension provision." *Moore v. Walton*, 96 F.4th 616, 624 (3d Cir. 2024). I thus do not think it prudent to rule on Lincoln's motions for leave to amend the Complaint—and the merits of Delaware State Police's remaining arguments in its motion to dismiss—until the good cause extension expires. Accordingly, I will also deny without prejudice to renew Delaware State Police's motion to dismiss insofar as it seeks dismissal pursuant to Rule 12(b)(6).

NOW THEREFORE, at Wilmington on this Twelfth Day of March in 2026, it is HEREBY ORDERED that Plaintiff's Motion for Extension of Time to Serve (D.I. 18) is GRANTED and Plaintiff shall have until April 13, 2026 to perfect service on Defendant. It is FURTHER ORDERED that Defendant's Motion to

Dismiss Plaintiff's Complaint (D.I. 6) is DENIED WITHOUT PREJUDICE TO RENEW.

                                          _____
                                                                      CHIEF JUDGE