IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARKICE LINCOLN, )
)
Plaintiff, )
)
v. ) C.A. No. 25-517-CFC-EGT
)
DELAWARE STATE POLICE, )
)
Defendant. )

## MEMORANDUM ORDER

*Pro se* Plaintiff Markice Lincoln seeks damages in connection with his allegedly unlawful arrest in Delaware in December 2022. Presently before the Court are several motions by Plaintiff to amend his complaint. (*See* D.I. 19, 20 & 25). For the reasons set forth below, Plaintiff's motions are DENIED.[1]

## I.    BACKGROUND

According to the original Complaint, Plaintiff alleges that he was "wrongfully arrested" on December 28, 2022 by Defendant Delaware State Police ("Defendant"). (D.I. 1, Ex. D at Page 2 of 5). He claims that he was arrested without any verification of his identity and based on incorrect information. (*Id.*). Plaintiff does not offer any details regarding the circumstances of his arrest or the conduct (or identity) of the officers involved in the arrest. (*Id.*). He also does not indicate that any of his property was seized or damaged during the arrest. Plaintiff nevertheless alleges that he has suffered "significant emotional, psychological, and financial distress" as a result of this incident and he seeks $20 million in damages. (*Id.*).

---

[1]    Motions for leave to amend pleadings are generally considered non-dispositive. *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 135-36 (3d Cir. 2016).

Plaintiff originally filed this action against Defendant Delaware State Police in state court on December 18, 2024 (D.I. 1, Ex. D), and Defendant removed to this Court on April 29, 2025 (D.I. 1). Several months later, on August 18, 2025, Defendant moved to dismiss under Federal Rules of Civil Procedure 12(b)(5) and (b)(6). (D.I. 6). Specifically, Defendant argued that Plaintiff had not perfected service on Defendant within the meaning of 10 *Del. C.* § 3103(c) and Defendant further sought dismissal on the basis of sovereign immunity. (D.I. 6 at 4-6). Plaintiff failed to initially respond to the motion (D.I. 8) and then sought two extensions of time to respond to Defendant's motion (D.I. 9, 14), both of which were granted (D.I. 13, 15). When Plaintiff ultimately did respond to the motion on February 19, 2026, he argued that he should be given leave to amend his pleading to name individual officers involved in his arrest and that Defendant had waived sovereign immunity. (D.I. 17 at Page 2-4 of 7). On the same date, Plaintiff also filed two motions to amend his complaint (D.I. 19 & 20) and a motion for an extension of time under Federal Rule of Civil Procedure 4(m) to serve Defendant (D.I. 18). Chief Judge Connolly granted Plaintiff's request for additional time to serve Defendant, denied Defendant's motion to dismiss without prejudice to renew and left pending Plaintiff's two motions to amend. (D.I. 23). Plaintiff was given until April 13, 2026 to perfect service on Defendant. (*Id.* at 7). That never happened.

Plaintiff has now filed another motion to amend his complaint – this time seeking to add George R. Justice III, Pierre Lawler and Matthew Tyler Snook in their individual capacities as state troopers involved his December 2022 arrest. (D.I. 25 at Pages 1-3 of 10).[2] Plaintiff also seeks to drop the Delaware State Police as a defendant and attempts to add WDEL and Delaware LIVE as defendants for a new defamation claim. (*Id.* at Pages 1-3 & 9-10 of 10). In total, Plaintiff has filed three motions to amend his pleading, all of which remain pending. (*See* D.I. 19, 20 & 25).

---

[2]    For the sake of clarity, the Court uses the page numbers generated by ECF.

## II.    LEGAL STANDARD

The Court should freely grant leave to amend "when justice so requires."  FED. R. CIV. P. 15(a)(2); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.").  In the context of requests for leave to amend a pleading, "futility" means that the proposed amended pleading "would fail to state a claim upon which relief could be granted" when applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *see also id.* ("[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.").

## III.    DISCUSSION

Plaintiff seeks to amend his complaint to change the named defendants and add several new claims for malicious prosecution, defamation and intentional infliction of emotional distress. (*See* D.I. 25).  The Court will address the proposed changes by putative defendant.

### A.    Claims Against Troopers Justice, Lawler and Snook

In his proposed Amended Complaint, Plaintiff seeks to remove Delaware State Police and add three state troopers as defendants in their individual capacities.  (*See* D.I. 25).  As compared to his original Complaint (and all other proposed amended pleadings), Plaintiff's proposed Amended Complaint includes two new claims against the officers – malicious prosecution under § 1983 and intentional infliction of emotional distress under Delaware law.  (*Compare* D.I. 25 at Page 9 of 10 (asserting false arrest, unlawful search and malicious prosecution under § 1983, as well as defamation against WDEL and intentional infliction of emotional distress), *with* D.I. 2, Ex. D at 3-4 (asserting one count of unconstitutional arrest and one count of illegal search and

3

seizure under the Fourth Amendment)).  Plaintiff's amendment, however, is woefully deficient in terms of factual material and would therefore fail to state a claim under Rule 12(b)(6).

In the proposed Amended Complaint, Plaintiff alleges that "[o]fficers blocked Plaintiff's vehicle, removed him without probable cause, and conducted a warrantless search."  (D.I. 25 at Page 9 of 10).  Plaintiff then repeats this allegation, stating that "[o]fficers surrounded the vehicle, removed Plaintiff without cause, searched the vehicle without consent, and arrested Plaintiff." (*Id.*).  The only other factual material pled in the proposed amendment is that WDEL published an article about Plaintiff regarding this arrest and, further, that charges against Plaintiff were "dismissed and expunged."  There is no indication of which (if any) of the newly named troopers were part of that group of "officers," which trooper did what in the arrest or search, what (if anything) was found in the search, how long Plaintiff was arrested or what Plaintiff was charged with or the circumstances of his prosecution.  Ultimately, the problem with Plaintiff's proposed amendment is that it fails to offer any modicum of factual support – plausible or otherwise – to any of his claims under § 1983 or intentional infliction of emotional distress.  Amendment is futile.

Even if amendment were not futile for this reason, Plaintiff has failed to demonstrate his proposed Amended Complaint relates back under Rule 15(c).  In his amended pleading, Plaintiff seeks to remove the only original defendant and add three individual state troopers as new defendants.  Under these circumstances, Plaintiff must demonstrate that the requirements of Rules 15(c)(1)(B) and (C) are met.  *See Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003) (under prior version of Rule 15, amendments that change "the party or the naming of the party" for claims must satisfy the "conduct, transaction, or occurrence" provision of the rule (now (c)(1)(B)), as well as the notice provision of the rule (now (c)(1)(C))).  Otherwise, Plaintiff's claims as to Justice, Lawler and Snook are time-barred and amendment would be futile.  Plaintiff has

failed to make any showing at all as to Rule 15(c).  Even assuming the newly named troopers were the officers involved in the December 2022 arrest (thus satisfying Rule 15(c)(1)(B)), the Court has been provided with nothing to suggest that the notice required under Rule 15(c)(1)(C) exists here.  Plaintiff makes no attempt to show that these three individuals received notice of this action within the extended Rule 4(m) period or that they knew or should have known that the action would have been brought against them.[3]  FED. R. CIV. P. 15(c)(1)(C)(i)-(ii); *see also Moore v. Walton*, 96 F.4th 616, 625-27 (3d Cir. 2024).  Indeed, Plaintiff's motion for leave to amend is simply a proposed amended pleading.  (D.I. 25).  Without any basis to conclude otherwise, the Court finds that the proposed claims against Troopers Justice, Lawler and Snook do not relate back under Rule 15(c) and, as a result, those claims appear time-barred.  *See Moody v. Kearney*, 380 F. Supp. 2d 393, 397 (D. Del. 2005).  Amendment would be futile for this reason as well.

Because the proposed Amended Complaint would fail to state a claim under Rule 12(b)(6) and would be time-barred as to the named troopers, Plaintiff's most recent motion for leave to amend (D.I. 25) only seeks futile amendments.  The Court has also reviewed Plaintiff's prior motions to amend (D.I. 19 & 20) and finds them similarly lacking in terms of the plausible factual allegations necessary to support a claim for relief against any particular officer.

**B.      Claims Against WDEL and Delaware LIVE**

Plaintiff attempts to add two corporate entities, WDEL and Delaware LIVE, to his case alongside a defamation claim.  (D.I. 25 at Pages 9-10 of 10).  Prior to April 13, 2026, Plaintiff had

---

[3]      The prior motions to amend were only provided to the Deputy Attorney General at the Delaware Department of Justice.  (*See* D.I. 19-2; D.I. 20-1).  And although Plaintiff indicates that he mailed this most recent proposed Amended Complaint to the individual troopers (D.I. 25-2 at Pages 2-4 of 5), he only did that on the April 13, 2026 court-extended deadline to perfect service (D.I. 23 at 7).  Non-prisoner pro se litigants are not entitled to the benefit of the mailbox rule.  *See Scott v. Howard Hanna*, C.A. No. 24-1307, 2024 WL 5007381, at *2 (W.D. Pa. Dec. 6, 2024) ("[T]here is no prisoner-mailbox-rule equivalent for non-prisoner, pro se litigants.").

never raised the issue of defamation or mentioned any possible claim against WDEL or Delaware Live.  (*See* D.I. 2, Ex. D (original complaint with no mention of defamation); D.I. 19 (February 19, 2026 attempt to amend with no mention of defamation); D.I. 20 (same)).[4]

Defamation is a claim arising under state law and has a two-year statute of limitations.  *See Isaac v. Politico LLC*, 346 A.3d 103, 120-21, 121 n.83 (Del. 2025).  Plaintiff never indicates when any allegedly defamatory story about him was published and, as such, the Court is unable to determine whether these claims are facially time-barred.  But the Court has reviewed the two articles cited in Plaintiff's proposed amended pleading and one no longer exists (WDEL) and the other is unrelated to Plaintiff's arrest (Delaware LIVE).  (*See* D.I. 25 at Page 7 of 10).  The Court ultimately has no factual allegations – plausible or otherwise – regarding WDEL or Delaware LIVE's purportedly defamatory conduct towards Plaintiff.  Moreover, Plaintiff's proposed amended § 1983 claims are not cognizable, and the Court would decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 in the absence of a cognizable federal claim.  *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).  Amendment to permit addition of these two defendants and the defamation claim would be futile.

* * *

Throughout his various attempts to amend his pleading, Plaintiff has failed to plausibly allege any cognizable claim related to his December 28, 2022 arrest.  Because the proposed amendments would be futile, Plaintiff's motions to amend the complaint will be denied.

---

[4]    Plaintiff seems to be focused mainly on WDEL but the Court analyzes the proposed amended pleading as attempting to add Delaware LIVE as well.  (*See* D.I. 25 at Page 9 of 10 ("Count IV – Defamation (WDEL)); *but see id.* at Page 1 of 10 (listing Delaware LIVE as defendant in caption)).

6

### C.   Plaintiff's Operative Pleading

Because the Court has now denied Plaintiff's attempts to file an amended pleading, the only issue that remains is whether Plaintiff's case exists in any form that may proceed. The Court suspects that it does not.

Without amendment, Plaintiff's operative pleading is the original Complaint that he filed in state court (D.I. 2, Ex. D) and that was the subject of Defendant's motion to dismiss (D.I. 6) in this court. Chief Judge Connolly previously denied that motion to dismiss without prejudice to renew, ultimately giving Plaintiff additional time under Rule 4(m) to perfect service on the Delaware State Police or add defendants that would permit relation back under Rule 15(c). (D.I. 23). Plaintiff failed to perfect service on Defendant Delaware State Police as instructed, instead opting to pursue other defendants with amendment. The only Defendant now remaining still has not been served. Moreover, the Delaware State Police is a state agency that is ordinarily entitled to immunity from suit in federal court under the Eleventh Amendment. *See Baker v. James T. Vaughn Corr. Ctr.*, 425 F. App'x 83, 84 (3d Cir. 2011). "[A]lthough Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983." *Id.* The Court believes that dismissal is likely warranted as to this Defendant (and thus Plaintiff's entire case) but will wait for the renewed motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motions for leave to amend (D.I. 19, 20 & 25) are DENIED.

The parties may file objections to this Order within fourteen (14) days after being served with a copy of the Order. *See* FED. R. CIV. P. 72(a); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to seven (7) pages each. The failure of a party to object may result in the loss of the

right to review in the district court and the loss of certain appellate rights. *See United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rules of Civil Procedure 72(a) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  May 14, 2025

_____
UNITED STATES MAGISTRATE JUDGE