IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARKICE LINCOLN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-517-CFC-EGT |
| | ) | |
| DELAWARE STATE POLICE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Markice Lincoln seeks damages in connection with his allegedly unlawful arrest in Delaware in December 2022. Presently before the Court is the motion of Defendant Delaware State Police to dismiss the Complaint on the basis of sovereign immunity and failure to properly serve. (D.I. 28). For the reasons set forth below, the Court recommends that Defendant's motion to dismiss be GRANTED and the Complaint be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

According to the original Complaint, Plaintiff alleges that he was "wrongfully arrested" on December 28, 2022 by the Delaware State Police. (D.I. 1, Ex. D at p.2 of 5). He claims that he was arrested without any verification of his identity and based on incorrect information. (*Id.*). Plaintiff does not offer any details regarding the circumstances of his arrest or the conduct (or identity) of the officers involved in the arrest. (*Id.*). He also does not indicate that any of his property was seized or damaged during the arrest. Plaintiff nevertheless alleges that he has suffered "significant emotional, psychological, and financial distress" as a result of this incident and he seeks $20 million in damages. (*Id.*).

Plaintiff originally filed this action against Defendant Delaware State Police in state court on December 18, 2024 (D.I. 1, Ex. D), and Defendant removed to this Court on April 29, 2025

(D.I. 1). Since then, the parties have spent over a year on various motions to dismiss, motions to amend and Plaintiffs' many requests for extensions of time. (*See* D.I. 27 (detailing procedural history up through May 2026); *see also* D.I. 31, 32, 35 & 36). On May 14, 2026, the Court denied Plaintiffs' several motions to amend, leaving the original Complaint as the operative pleading. (*See* D.I. 27). In denying those motions to amend, the Court expressed its doubt that any viable claim remained in the case given that the only remaining defendant – Delaware State Police – likely had sovereign immunity. (D.I. 27 at 7). But the Court left the issue for Defendant to raise in a renewed motion to dismiss. (*Id.*). Just four days later, on May 18, 2026, Defendant filed that renewed motion to dismiss. (D.I. 28). Plaintiff filed his opposition on September 14, 2026. (D.I. 38).[1] Defendant did not file a reply. (D.I. 39).

## II. <u>LEGAL STANDARDS</u>

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as

---

[1] Plaintiff's answering brief should have been filed June 1, 2026. But it was not filed until over three months later. (D.I. 38). Even then, Plaintiff's response was untimely because non-prisoners are not entitled to the benefit of the mailbox rule. (*Compare* D.I. 36 (extending deadline to file answering brief to September 8, 2026), *with* D.I. 38 (Plaintiff's answering brief mailed on September 8, 2026 and docketed on September 14, 2026); *see also* D.I. 27 at 5 n.3 (warning Plaintiff that mailbox rule does not apply to him)). Plaintiffs' many requests for deadline extensions, including in connection with this motion (*see, e.g.*, D.I. 32 & 35), evidence a lack of real interest in prosecuting this case.

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

## III. DISCUSSION

Plaintiff seeks damages from Defendant Delaware State Police in this § 1983 action. Defendant has moved to dismiss the Complaint on the basis of sovereign immunity and no personhood under § 1983 and because Plaintiff has failed to properly effectuate service on Delaware State Police pursuant to 10 *Del. C.* § 3103(c). (*See* D.I. 28 at 3-5).

Defendant Delaware State Police is an agency of the State of Delaware. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Plaintiff relies on *Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 193 (3d Cir. 2008), to argue that Defendant's removal to this Court waived the immunity from suit afforded by the Eleventh Amendment. (*See* D.I. 38 at 2). The Court agrees. "When a State, facing suit in its own courts, purposefully requests a federal forum, it expresses a clear intent to waive immunity from suit." *See Lombardo* 540 F.3d at 197; *see also id.* at 193 ("We agree that the Commonwealth's voluntary removal unequivocally invoked the

jurisdiction of the federal courts and thereby waived the Commonwealth's Eleventh Amendment immunity from suit in a federal forum."). By removing this case from Delaware state court to this Court, the Delaware State Police have evidenced a clear intent to waive immunity from suit in this federal forum. But this is not the end of the inquiry.

As the Third Circuit explained in *Lombardo*, even where a state waives its Eleventh Amendment immunity from suit by removing to federal court, the state nevertheless retains its ability to assert defenses to liability. *See Lombardo*, 540 F.3d at 198-99 ("We hold that while voluntary removal waives a State's immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability."). As an agency of the State of Delaware, the Delaware State Police is not a "person" subject to § 1983 claims. *See Will*, 491 U.S. at 71; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005) ("[N]either states nor state officials sued in their official capacities for money damages are 'persons' within the meaning of § 1983."). The Delaware State Police are thus immune from liability in this § 1983 case and dismissal is warranted. *See Fedder v. Kester, et al.*, C. A. No. 24-462-GBW, 2025 WL 343611, at *3 (D. Del. Jan. 30, 2025) (dismissing plaintiff's § 1983 claims raised against Delaware State Police and Troop 4 because, *inter alia*, defendants are state agencies not subject to claims under Section 1983); *Clark v. Kane*, C.A. No. 02-432-SLR, 2003 WL 21221137, at *2 (D. Del. May 20, 2003) (dismissing the Delaware Division of State Police and the Department of Public Safety because, *inter alia*, they are not persons under § 1983).

Amendment would be futile and Plaintiff's Complaint should be dismissed with prejudice.[2]

---

[2] Because dismissal with prejudice is warranted based on Delaware State Police not being a "person" subject to § 1983 claims, the Court does not reach the alternative ground for dismissal (*i.e.*, insufficient service under 10 *Del. C.* § 3103(c)).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Defendant's motion to dismiss (D.I. 28) be GRANTED and the Complaint (D.I. 1, Ex. D) be DISMISSED WITH PREJUDICE.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b); *see also* FED. R. CIV. P. 6(d). Objections are limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: October 20, 2026

UNITED STATES MAGISTRATE JUDGE